UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELINA ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00934-SEP |
| ) | |
| JOE BIDEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. For the reasons set forth below, the Court dismisses the case for improper venue. *See* 28 U.S.C. § 1406(a).

### FACTS AND BACKGROUND

Plaintiff, a self-represented litigant, has filed a civil action against President Joseph Biden. Doc. [1] at 2. Plaintiff is a citizen of Wisconsin. *Id.* at 3. The Complaint is typewritten on a Court-provided form. The "Statement of Claim" is a series of extraordinary and sometimes incoherent declarations. For instance, Plaintiff states that "[s]everal people have orally raped in business forcing sex slavery," and that "[t]hose have been cloned because of Jackie Chan negotiating with other officials to enforce immigration." *Id.* at 5. Plaintiff claims that President Biden has "personally violated [her] rights as a citizen" because he "enforced immigration." *Id.* She requests the deportation of "immigrants immediately so it reduces rape of all kinds." *Id.*

### DISCUSSION

> A civil action may be brought only in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction. . . .

28 U.S.C. § 1391(b). Plaintiff has not demonstrated that venue is proper in this Court. Plaintiff does not allege that President Biden resides in the Eastern District of Missouri; she lists his address in Washington, D.C. Doc. [1] at 2. Nor has Plaintiff shown that a "substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2). Plaintiff's claims are generally incoherent, and she certainly has not shown that Defendant injured her by acts or omissions that took place within this district.

Because Plaintiff has not shown that venue is proper in this district, this case must be dismissed. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Here, dismissal is the proper course because, aside from venue, the Complaint contains two fatal flaws.

First, Plaintiff has not carried her burden of demonstrating federal subject matter jurisdiction. *See Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990) ("subject-matter jurisdiction is a threshold requirement which must be assured in every federal case"); *see also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject-matter jurisdiction rests with the party invoking federal jurisdiction."). Plaintiff provides no coherent basis for jurisdiction. *See* Doc. [1] at 3. She does not show that the case involves a federal question or that the Court has diversity jurisdiction.

Second, Plaintiff has failed to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct"); *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation,' and '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather than facts establishing that Defendant harmed her, Plaintiff's "Statement of Claim" only contains conclusory, nonsensical allegations.

Given the defects in Plaintiff's Complaint, the Court finds that it is not "in the interest of justice" to transfer this matter.[1] Therefore, the Court dismisses this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1406(a). A separate order of dismissal will be entered herewith.

Dated this 25th day of August, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has filed a number of similarly flawed cases in the United States District Court for the Eastern District of Wisconsin, all of which have been dismissed for lack of subject matter jurisdiction and failure to state a claim. *See Rogers v. Hernandez*, No. 2:23-cv-571-PP (E.D. Wisc. July 31, 2023).

2